UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-cv-04541-CAS(RZx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | KOOROS SHIMY ET AL V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers:) MOTION TO DISMISS (Dkt. 9, filed June 16, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 28, 2014, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION AND BACKGROUND

On February 18, 2014, plaintiffs Kooros and Marsha Shimy filed this action against defendants Wright Medical Technology, Inc., Wright Medical Group, Inc., Advanced Surgical Devises, Inc., William Zurowski, and Does 1-50 in Los Angeles County Superior Court. Plaintiffs assert claims for (1) strict products liability – manufacturing defect, (2) strict products liability – failure to warn, (3) strict products liability – unreasonably dangerous design, (4) negligence, (5) negligence – failure to recall/retrofit, (6) breach of express warranty, (7) breach of implied warranty, (8) fraudulent misrepresentation, (9) fraudulent concealment, (10) negligent misrepresentation, and (11) loss of consortium. On June 12, 2014, defendants removed the case to this Court on the basis of diversity. Dkt. 1. In brief, plaintiffs allege that plaintiff Kooros Shimy underwent hip replacement surgery in 2007, in which doctors surgically implanted defendants' PROFEMUR Total Hip System. Compl. ¶ 66. On April 11, 2012, the "neck" of plaintiff Kooros Shimy's hip implant fractured as he was getting dressed. Id. ¶ 69. Plaintiffs allege that defendants concealed a long history of this type of fracture involving PROFEMUR hip replacements. Id. ¶¶ 31-64.

On June 19, 2014, Wright Medical Technology moved to dismiss plaintiffs' third, sixth, eighth, ninth, and tenth claims, as well as plaintiffs' request for punitive damages. Dkt. 9. By order dated June 20, 2014, the Court granted the parties' joint stipulation to dismiss the third and sixth claims. Dkt. 11. On July 3, 2014, plaintiffs filed their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-04541-CAS(RZx) | Date | July 23, 2014 |
| Title | KOOROS SHIMY ET AL V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

opposition to the motion to dismiss as to claims eight, nine, and ten and punitive damages, dkt. 14, and on July 9, 2014, Wright Medical Technology replied, dkt. 16. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-04541-CAS(RZx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | KOOROS SHIMY ET AL V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

**B. Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-04541-CAS(RZx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | KOOROS SHIMY ET AL V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

### III. ANALYSIS

#### A. Eighth, Ninth, and Tenth Claims

Wright Medical Technology seeks dismissal of plaintiffs' eighth claim for fraudulent misrepresentation, ninth claim for fraudulent concealment, and tenth claim for negligent misrepresentation. The principal basis for Wright Medical Technology's motion is that although plaintiffs' claims sound in fraud, they are not pled with particularity as required by Fed. R. Civ. P. 9(b).[1]

Plaintiffs respond that their complaint articulates two bases for their claims sounding in fraud. First, plaintiffs cite paragraph 27 of their complaint, which alleges that Wright Medical Technology marketing materials made the following representations:

[1.] The modular neck used with the Profemur Hip has been employed by Wright Cremascoli for over 15 years. The necks were designed in 1985 and have been successfully implanted in over 50,000 patients requiring both primary and revision hip procedures. The necks are used in other Wright Cremascoli hip systems besides the Profemur Hip. None of the necks has experienced a clinical failure since their inception.

---

[1] Wright Medical Technology also asserts that plaintiffs' fraud claims are not cognizable because they "essentially" allege fraud on the FDA. See Reply 5. Because the Food, Drug, and Cosmetics Act ("FDCA") does not create a private right of action, Wright Medical Technology argues plaintiffs' fraud-based claims are precluded. Id. However, as written, the complaint does not allege fraud on the FDA, but rather fraud on plaintiffs and their physicians. Should the factual basis for plaintiffs fraud claims turn out to be fraudulent representations made to the FDA, Wright Medical Technology is free to address that issue on summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-04541-CAS(RZx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | KOOROS SHIMY ET AL V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

[2.] The modular neck system, designed by Creamscoli in 1985 (U.S. Patent #4,957,510), has now been successfully implanted in over 50,000 patients requiring both primary and revision hip arthroplasty. Extensive laboratory tests has proven that the coupling between the modular neck and femoral implant <u>guarantees</u>:

- Structural reliability
- Absence of significant micromovement
- Absence of fretting corrosion

Compl. ¶ 27 (emphasis in original).

Second, plaintiffs allege that Wright Medical Technology failed to disclose reports of neck fractures in PROFEMUR hip implants. <u>Id.</u> ¶ 43. Plaintiffs similarly allege that Wright Medical Technology never issued any warnings that the implants should not be used in heavier patients, or patients who engaged in heavy lifting or impact sports. <u>Id.</u> ¶¶ 48-49. Plaintiffs argue that their allegations that Wright Medical Technology failed to disclose this information, together with the alleged affirmative misrepresentations quoted above, state his fraud claims with the requisite particularity.

The Court agrees. Rule 9(b) requires that plaintiffs' allegations of fraud must be pled with enough particularity to enable Wright Medical Technology to "prepare an adequate answer from the allegations." <u>Walling</u>, 476 F.2d at 397. After reviewing the allegations set forth above, the Court concludes that the complaint is sufficiently specific to permit Wright Medical Technology to answer. Indeed, Wright Medical Technology appears to concede that it grasps the substance of plaintiffs' fraud claims:

[P]laintiff alleges that before November 1, 2008, Wright Medical failed to warn of risks associated with the use of the device by heavyweight males and before 2010, Wright Medical failed to include a specific weight restriction, restrictions on heavy lifting, or restrictions on playing impact sports.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:14-cv-04541-CAS(RZx) | Date | July 23, 2014 |
|---|---|---|---|
| Title | KOOROS SHIMY ET AL V. WRIGHT MEDICAL TECHNOLOGY, INC. ET AL. | | |

Mot. 8 (citing Compl. ¶¶ 46, 48, 49).  Wright Medical Technology derides these allegations, asserting that "[t]hese are not allegations of fraud; they are Plaintiff's allegations as to his failure to warn claim."  Id.  But Wright Medical Technology cites no authority for the proposition that factual allegations in support of a failure to warn claim cannot also support fraud claims.  Accordingly, the Court finds that plaintiffs' fraud-based claims are pled with the requisite particularity.

### B. Punitive Damages

Wright Medical Technology seeks dismissal of plaintiffs' "claim" for punitive damages.  As an initial matter, a request for punitive damages is not a "claim" and is not the proper subject of a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  See Oppenheimer v. Sw. Airlines Co., 2013 WL 3149483 at *3 (S.D. Cal. June 17, 2013) (citing cases).  But even if the Court were to construe Wright Medical Technology's motion as a motion to strike pursuant to Fed. R. Civ. P. 12(f), the Court would find that such a motion should be denied.  The sole basis for Wright Medical Technology's motion is that plaintiffs' request for punitive damages is predicated on plaintiffs' fraud claims, and those fraud claims are not pled with sufficient particularity.  Because the Court rejects Wright Medical Technology's contention that plaintiffs' fraud claims are not pled with particularity, the Court would also find that plaintiffs' request for punitive damages should not be stricken.

### IV.    CONCLUSION

In accordance with the foregoing, Wright Medical Technology's motion to dismiss is hereby DENIED.   Defendants are directed to answer in accordance with Fed. R. Civ. P. 12.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |